UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CONTINENTAL INSURANCE COMPANY, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CAUSE NO. 1:09-cv-1233-WTL-DML ) |
| EZCORP, INC., | ) ) |
| Defendant. | ) ) |

### ENTRY ON MOTION TO DISMISS OR TRANSFER

This cause is before the Court on the Defendant's Motion to Dismiss or in the Alternative to Transfer. The motion is fully briefed, and the Court, being duly advised, finds that it lacks personal jurisdiction over the Defendant but that an appropriate alternative forum exists and therefore **GRANTS** the alternative motion to transfer and **ORDERS** this case transferred to the United States District Court for the Western District of Texas. The Plaintiffs' request for oral argument on this motion is **DENIED**.

Plaintiff Continental Insurance Company issued a policy of workers' compensation and employer liability insurance to Defendant EZCORP, Inc., and several of its subsidiaries in various states, including EZPAWN Indiana, Inc., in 1994 and again in 1995. Plaintiff Continental Casualty Company did the same in 1996. Under the insurance policies and related agreements ("the Insurance Programs"), the amount owed to the Plaintiffs was to be calculated periodically and invoiced to EZCORP. The Plaintiffs alleges in this suit that EZCORP has failed to pay certain invoices; therefore they assert claims against EZCORP for breach of contract and unjust enrichment.

EZCORP moves to dismiss this case for lack of personal jurisdiction. When a defendant

challenges the court's personal jurisdiction over it, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004). Where, as here, a motion to dismiss is resolved without an evidentiary hearing, the plaintiff's burden is satisfied if it makes a prima facie case of personal jurisdiction. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). "In evaluating whether the prima facie standard has been satisfied, the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Id.* (citations omitted).

Where, as here, there is no applicable federal statute providing for nationwide service of process, a federal district court may exercise personal jurisdiction over a defendant if a court of the state in which it sits would have such jurisdiction. Fed.R.Civ.P. 4(k)(1)(A). This Court sits in Indiana, and Indiana Trial Rule 4.4(A) provides for jurisdiction "on any basis not inconsistent with the Constitution of this state or the United States"; in other words, Indiana permits the exercise of personal jurisdiction to the full extent permitted by the Federal Due Process Clause.[1]

---

[1] Both parties erroneously assert that a two-step analysis is required to determine whether Indiana would exercise personal jurisdiction over a defendant; in other words, the court must first determine whether one of the provisions of Indiana Trial Rule 4.4 applies before conducting the due process analysis. This is no longer correct law and has not been for quite some time. *See LinkAmerica*, 875 N.E.2d at 967 ("The 2003 amendment to Indiana Trial Rule 4.4(A) was intended to, and does, reduce analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the Federal Due Process Clause. Retention of the enumerated acts found in Rule 4.4(A) serves as a handy checklist of activities that usually support personal jurisdiction but does not serve as a limitation on the exercise of personal jurisdiction by a court of this state."). Further, the presence of one of Rule 4.4's enumerated acts alone does not resolve the issue; rather, the due process inquiry must still take place because "[d]ue process limits when a state may exercise personal jurisdiction over nonresident defendants" regardless of the provisions of the state's long-arm statute. *Jennings*, 383 F.3d at 549.

*LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006).

There are two forms of personal jurisdiction that a court may exercise over a non-resident defendant, "general" and "specific" jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984). Specific jurisdiction is applicable when the basis of the suit "arises out of or is related to" the defendant's contacts with the forum state. *Jennings*, 383 F.3d at 549. "To establish specific jurisdiction under the familiar minimum contacts analysis, a plaintiff must show that the defendant has purposefully availed itself of the privilege of conducting activities within the forum state and that the exercise of personal jurisdiction over that defendant would comport with traditional notions of fair play and substantial justice." *Id.* (citations and internal quotation marks omitted). "When the contacts with the forum state are unrelated to the subject matter of the lawsuit, general personal jurisdiction may be established if the defendant's contacts are so continuous and systematic that the defendant could reasonably foresee being haled into court in that state for any matter." *Central States, Southeast and Southwest Areas Pension Fund v. Phencorp Reinsurance Co., Inc.*, 440 F.3d 870, 875 (7th Cir. 2006). Stated another way, for the exercise of general jurisdiction to be appropriate EZCORP's contacts with Indiana "must be so extensive to be tantamount to [EZCORP] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in an Indiana court in any litigation arising out of any transaction or occurrence taking place anywhere in the world." *Purdue Research Found.*, 338 F.3d at 787.

EZCORP points to the following facts, *inter alia*, in support of its argument that this court lacks personal jurisdiction over it:

- EZCORP is not licensed to do business in Indiana and has not maintained any

3

        place of business in Indiana;

- EZCORP does not own and has not owned any real property in Indiana;

- EZCORP has not manufactured, supplied, or sold any goods in Indiana and has not supplied or contracted to supply any services here;

- EZCORP has not employed anyone who lives in Indiana and its employees have not had any systematic or ongoing contact with Indiana in the course of their employment.

These facts would seem to demonstrate that this Court may not exercise general jurisdiction over EZCORP.

      The Plaintiffs respond by asserting that EZCORP has "engaged in continuous and systematic activities within the state of Indiana by operating over fifteen pawnshops in the State" and therefore "it has availed itself of being haled into Court in Indiana." Plaintiffs' Brief at 2. However, the Indiana pawnshops referred to by the Plaintiffs are operated by EZCORP's subsidiary, EZPAWN Indiana, Inc., not by EZCORP itself. "[A]s a general rule, the jurisdictional contacts of a subsidiary corporation are not imputed to the parent." *Purdue Research Found.*, 338 F.3d at 788 n. 17 (citations omitted); *see also Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000) ("[W]e hold that constitutional due process requires that personal jurisdiction cannot be premised on corporate affiliation or stock ownership alone where corporate formalities are substantially observed and the parent does not exercise an unusually high degree of control over the subsidiary."). While this general rule does not apply "'in the narrow instances where a parent utilizes its subsidiary in such a way that an agency relationship can be perceived or the

parent has greater control over the subsidiary than normally associated with common ownership and directorship or where the subsidiary is merely an empty shell,'" *id.* (quoting *Anthem Ins. Co., Inc. v. Tenet Healthcare Corp*, 730 N.E.2d 1227, 1240 n.17), the Plaintiffs have not demonstrated that these circumstances exist here.  Rather, the Plaintiffs merely point to language from EZCORP's website that refers to EZCORP as operating pawnshops under the EZPAWN brand.  However, it is hardly unusual for a parent and its subsidiaries to share a website for marketing purposes--indeed, "[p]arents of wholly owned subsidiaries necessarily control, direct, and supervise the subsidiaries to some extent," *IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir.1998)–but that, alone, is not sufficient to impute the subsidiary's contacts to the parent for personal jurisdictional purposes.  The Plaintiffs simply have presented no evidence that demonstrates that the relationship between EZCORP and its Indiana subsidiary goes beyond the normal parent-subsidiary relationship.  Therefore, the Plaintiffs have not demonstrated that this Court may exercise general jurisdiction over EZCORP.

      The Plaintiffs also argue that this Court has specific jurisdiction over EZCORP in this case because it argues that EZCORP has contacts with Indiana that "are related to the subject matter of the suit–the breach of contract action for non-payment under the terms of the Insurance Programs–such that EZCORP purposely established contacts with Indiana *when it contracted to insure its risks in Indiana.*"  Plaintiffs' Brief at 12 (emphasis in original).  This argument again ignores the distinction between EZCORP and its Indiana subsidiary.  While EZCORP and its Indiana subsidiary, EZPAWN Indiana, Inc., are both parties to the insurance contracts at issue, it is EZPAWN Indiana, not EZCORP, that does business in Indiana and therefore any employees in Indiana covered by the insurance contracts were employees of  EZPAWN Indiana, not

EZCORP.

The Plaintiffs have demonstrated the following: (1) both EZCORP and its subsidiary that does business in Indiana were named insureds under the same insurance policies; and (2) a portion of the unpaid invoices at issue relate to EZPAWN Indiana and therefore this suit involves, at least in part, EZCORP's alleged obligation to make payments that relate to Indiana business operations. The Court does not believe that these facts constitute minimum contacts with Indiana for jurisdictional purposes. Further, even if those facts could be construed as making this lawsuit "relate" to contacts of EZCORP with Indiana, the Court determines that permitting this suit to continue in Indiana would "offend traditional notions of fair play and substantial justice." The Plaintiffs simply have not demonstrate that EZCORP "purposefully availed itself of the privilege of conducting activities" in Indiana such that it should be subject to suit here. The contracts at issue were not negotiated in Indiana and they do not obligate EZCORP to do anything in Indiana, and Indiana has no particular interest in this dispute in which none of the litigants are Indiana citizens and none of the relevant conduct (that is, the making of the contract and the alleged breaching of the contract) took place in Indiana. *See generally Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985) (discussing relevant factors).

For the reasons set forth above, the Court determines that it lacks personal jurisdiction over EZCORP. Pursuant to 28 U.S.C. § 1631, the Court determines that the appropriate course of action is not to dismiss this case, but rather to transfer it to a court in which it could properly have been brought. EZCORP has demonstrated that this case could have been brought in the Western District of Texas, which is where it is located, and the Plaintiffs have offered no alternative forum. Accordingly, this case is **ORDERED TRANSFERRED** to the United States District Court for the Western District of Texas.

SO ORDERED:   03/25/2010

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification